### JESUS RIOJAS v. THE STATE.

No. 9521.     Delivered November 18, 1925.

**1.—Transporting Intoxicating Liquor—Allegation and Proof—No Variance.**

Where the indictment charged the transportation of spirituous, vinous and intoxicating liquor capable of producing intoxication, and the proof showed the transportation of intoxicating liquor capable of producing intoxication, there was no variance between the allegation in the indictment and the proof. Following Trevino v. State, 92 Tex. Crim. Rep. 140.

**2.—Same—Confession of Defendant—Improperly Admitted.**

Where an officer was permitted to testify that after appellant's arrest and while in his custody, appellant made him a proposition to let him go and take the booze and car, and asked the officer how much money he would take to let them run across the prairie and escape, the admission of this testimony necessitates the reversal of the case, and the charge of the court withdrawing this testimony from the consideration of the jury did not cure the evil effects of its admission.

**3.—Same—Evidence—Self-serving Declarations—Not Admissible.**

There was no error in the refusal by the court to admit testimony that the defendant while on the way from the place of the arrest to the county seat told the officer that he was not the owner of the car or the liquor. Such statement was self-serving and inadmissible.

**4.—Same—Requested Charge—Properly Refused.**

Where the testimony showed that the appellant, together with his brother, were found in a car containing a large quantity of intoxicating liquor, that both were armed and offered resistance to arrest, there was no error in refusing a requested charge that they must find that appellant was either the owner or was personally exercising control over the liquor in question, before they would be authorized to convict him.

Appeal from the District Court of Jim Wells County.  Tried below before the Hon. Hood Boone, Judge.

Appeal from a conviction of transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Bell & Bell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Jim Wells County of transporting intoxicating liquor, with punishment fixed at three years in the penitentiary, this appeal is taken.

This is a companion case to the case of Benito Riojas v. State, No. 9520, opinion this day rendered.

Appellant was in a car with his brother, which car being chased and overtaken by the officers, was found to contain 131 bottles of tequila shown by the testimony to be liquor capable of producing intoxication.

There is nothing in appellant's bill of exceptions No. 1, complaining that the proof showing the transportation of liquor capable of producing intoxication would not support an indictment alleging the transportation of spirituous, vinous and

intoxicating liquor capable of producing intoxication. See Trevino v. State, 92 Texas Crim. Rep. 140. The bill of exceptions complaining of the finding of weapons in a car in which liquor was being illegally transported, would present no well founded objection.

By bill of exceptions No. 4, complaint is made that while one of the officers remained with appellant during the absence of another officer, appellant made a proposition to said officer to let them go, to take the booze and .car, and asked the officer how much money he would take to let them run across the prairie and leave. The officer was also permitted to testify that the companion of appellant said: "Yes, how much more will it take, and you take the car and booze?" He was also permitted to say that he told appellant and his brother: "You are putting yourself in a bad place. That is a penitentiary offense," and that they replied: "I don't—I didn't know but what we could make arrangements with you," and that witness answered: "You couldn't do any such thing." This testimony was objected to upon the ground that appellant was under arrest and had not been warned. The bill presenting this matter is qualified by a statement of the learned trial judge as follows:

"In the main charge the court instructed the jury as follows:

" 'You are further instructed, gentlemen of the jury, that you will disregard and not consider for any purpose the statement made by the accused to the witness Simmons after his arrest and while in custody of the said Simmons. "

We are of opinion that the court could not, simply by instructing the jury not to consider same, cure the evil effect of admitting in evidence the above testimony of statements made by appellant to the officer while under arrest. Same contained not only an admission of guilt of the transportation of the liquor, but contained the further hurtful fact that appellant and his brother tried to bribe the officer to let them make their escape. Had the verdict of the jury been for the lowest penalty, we might permit the conviction to stand upon the ground that the evidence plainly shows a transportation and this wrongfully admitted testimony might be harmless, but in view of the fact that appellant was given a sentence of three years, we are unable to so hold.

It was not erroneous for the court to refuse to permit testimony offered by the defense going to show that while on the way from the place of arrest to the county seat appellant told the officer that he was not the owner of the car or the liquor. The declaration was self-serving and inadmissible.

Appellant was in a car with his brother in which a large quantity of intoxicating liquor was being illegally transported. Both men were apparently armed and offered resistance. The facts would justify the jury in concluding them principal offenders in the crime charged. If principals, it would not be necessary for appellant to be either the owner or to personally exercise control over the liquor in question and the court properly refused special charge No. 1, complaint of the refusal of which appears in bill of exceptions No. 6.

For the error in the admission of the testimony above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*