**Tommy Lee GARNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43466.

Court of Criminal Appeals of Texas.

March 10, 1971.

Robert M. Jones, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed by the jury at ten years.

The record reflects that appellant, at approximately 8:30 p. m., robbed Charles Davis, a sixteen-year-old boy, at knife point of some $7.00 dollars. Davis, at a safe distance, followed appellant and saw him buy some Thunderbird wine at a liquor store. Davis then rode his bicycle to his sister's house and at approximately 8:50 or 9:00 p. m. called the police. A short time later the officers arrived at Davis' home, picked him up, and they found the appellant at a cafe and arrested him at approximately 9:20 p. m. The officers, with Davis and appellant in the police car, drove to the police station and arrived at approximately 9:30 p. m.

Appellant contends that the court erred in admitting evidence concerning statements that he made while under arrest.

Davis testified that after the car arrived at the police parking lot, the officer got out of the car and he (Davis) asked the appellant to return the money. The appellant answered: "I want to get a job and pay you back that $7.00," and, "I'm on probation now.—." Davis further testified that appellant said, "I'm going to slit your throat and I'm going to let (sic) James Garner, and tell him to get you," and that he also made a statement in the nature of a threat on the elevator in the jail.

Appellant made timely objections that he was under arrest and at the police station.

The objections and the motion for mistrial were overruled.

The State contends that the statements made by the appellant at the police parking lot and in the elevator were res gestae statements.

■ It appears from the record that the statements were made approximately an hour after the robbery and some ten or more minutes after the arrest. There is no showing of spontaneity or excitement or anything that would make the statements res gestae of the offense or of the arrest. See Rubenstein, alias Ruby v. State, Tex.Cr.App., 407 S.W.2d 793, and the cases there cited.

Ordinarily an oral confession or statement amounting to an admission by a person in custody is not admissible in evidence unless there is a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. See Article 38.22, Vernon's Ann.C.C.P.

■ The knife used or the money taken in the robbery was not found as a result of the in-custody statements or admissions. The statements therefore were not admissible as oral confessions.

■ It has long been the rule in Texas that admissions of an accused made while in custody must satisfy the rule as to confessions. See 2 McCormick & Ray, Texas Practice, Evidence, Section 1123, (2d ed. 1956).

Also, in construing our confession statutes this Court has excluded any act tantamount to or in the nature of a confession and to any unwarned statement even though it lacks the essential elements of a confession. See 2 McCormick & Ray, Texas Practice, Evidence, Section 1201, (2d ed. 1956), and 1 Branch's Ann. P.C.2d, Section 82, page 78.

In Holmes v. State, 100 Tex.Cr.R. 635, 273 S.W. 849, it was held that testimony relating a conversation with an accused and his father while in jail was inadmissible.

In Stoker v. State, 93 Tex.Cr.R. 24, 245 S.W. 444, an officer after the arrest trusted the accused to go before a justice of the peace by himself but kept him under surveillance until he was released on bail. The court held that the declarations of the accused, apparently to the justice of the peace, not made under circumstances rendering a confession admissible under the statute prior to his release on bail should not have been admitted.

Also this Court has held that evidence of an attempt by an accused while in custody to bribe an officer is not admissible. Riojas v. State, 102 Tex.Cr.R. 258, 277 S.W. 640; Stanchel v. State, 89 Tex. Cr.R. 358, 231 S.W. 120.

The court erred in admitting into evidence the statements of appellant while he was under arrest.

Other grounds of error raised will not be discussed, because the questions presented would not likely arise in the event of another trial.

For the reasons stated, the judgment is reversed and the cause is remanded.