Charles D. EASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45733.

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied May 1, 1973.

consideration. See Olson v. State, 484 S.W.2d 756 (Tex.Cr.App.1972).

Stephen Davidchik, Sherman, for appellant.

Clifford Powell, County Atty., J. S. Freels, Jr., Asst. County Atty., Sherman, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appeal is from a conviction for the offense of murder with malice; punishment was assessed at 300 years.

Appellant alleges nine grounds of error. In ground #7, he contends that the trial court erred in admitting the testimony of three jail inmates, who attributed certain statements to appellant, allegedly made while appellant was in jail awaiting trial.

The indictment charged that the offense occurred on or about April 1, 1970. Over appellant's objection, three jail inmates were allowed to testify as follows:

Charles Ray Madden testified that on June 21, 1970, he shared a cell with appellant and that appellant informed him that "he killed a little girl over in Denison and that he shot her . . . ." Madden further testified that appellant told him that, after the shooting, "he had ran (sic) a drill down the barrel of [the pistol] and messed up or changed the ballistics."

James Edward Fowler was permitted to testify that on June 26, 1970, while in the Grayson County jail, appellant told him he had a way to "cover" the ballistics on a pistol and that was to drill the barrel and then shoot the gun a couple of times. Also, Fowler recounted that appellant demonstrated, by using his hand as the pistol, how easy it was to shoot someone; that he simultaneously stated, "It's easy, all you got to do is just pull the trigger."

Weldon Ray Thomison, the third inmate, related substantially the same story as did Fowler in reference to the ballistics scheme appellant purportedly used. He added that appellant advised the other inmates on how to effectively destroy evidence after the commission of a crime, such as how to dispose of clothing and what type of shoes to wear during the commission of the crime.

It is appellant's argument that the testimony of these three inmates was erroneously admitted, since the standards of Article 38.22, Vernon's Ann.C.C.P. were not complied with. We fully agree. It is well established in our jurisdiction that, ordinarily, statements by one in custody about a crime for which he is being held are not admissible under Art. 38.22, V.A. C.C.P. Thumann v. State, 466 S.W.2d 738 (Tex.Cr.App.1971).[1] We adhere to a high standard in holding that admissions of an accused made while in custody *must* satisfy the rule as to confessions in order to be admissible. Garner v. State, 464 S.W.2d 111 (Tex.Cr.App.1971). This Court, in construing our confession statutes, has further excluded any act tantamount to or in the nature of a confession and any unwarned statement even though it lacks the essential elements of a confession. Garner v. State, supra.

---

1. An exception is where the very crime in issue, as well as acts and statements in connection with it, take place while the defendant is in custody for another offense. Anderson v. State, 479 S.W.2d 57 (Tex.Cr.App.1972).

■ The trial court grievously erred in allowing the testimony of these three inmates. Further, the error is not such as was otherwise cured.[2] These statements attributed to appellant provided the State's only substantial link between the murder and appellant in this case of circumstantial evidence.

The fact situation in the instant case is an excellent example of the type of evidence intended to be excluded by Art. 38.-22, V.A.C.C.P. The statements attributed to appellant clearly constitute oral confessions and do not meet our standards of admissibility. Compare, dissenting opinion in Butler v. State, 493 S.W.2d 190 (Tex.Cr. App.1973).

The judgment is reversed and the cause remanded.

**2.** See Curry v. State, 468 S.W.2d 455 (Tex.Cr.App.1971) cert. granted and jud. vac. in part, 408 U.S. 939, 92 S.Ct. 2872, 33 L.Ed.2d 761 (1972), reh. denied, 409 U.S. 899, 93 S.Ct. 181, 34 L.Ed.2d 159 (1972).