Joe Melvin HARPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50533.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Rehearing Denied March 17, 1976.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Daniel P. Garrigan and H. Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is unauthorized use of a motor vehicle; the punishment, enhanced by two prior felony convictions, life.

Appellant was stopped while driving a 1971 Volkswagen after making a sudden turn while approaching a driver's license check point. He did not have a license, and the arresting officer proceeded to make a check on the license number of the car. The car license was registered as belonging on a Toyota. The officer asked appellant to whom the car belonged, and appellant stated that the car belonged to his sister, Mary Richardson. He was subsequently arrested for "theft".

In his first two grounds of error appellant contends that the statement he made to the arresting officer was admitted in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 38.22, V.A.C.C.P.

█ The owner of the car testified that he had not given appellant or anyone else permission to use his car. He had left the car in a repair shop approximately a month earlier for work to be done on it. The mechanic who had been given temporary control of the car testified that he had not given anyone permission to take the car from his car lot. Appellant did not testify or offer any defensive theory. The evidence of appellant's guilt for intentionally operating a motor vehicle without the owner's consent was overwhelming.

While the statement was improperly admitted, we conclude that it was harmless error beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; *Hampton v. State,* Tex.Cr.App., 511 S.W.2d 1; *Bridger v. State,* Tex.Cr.App., 503 S.W.2d 801; *Whitehead v. State,* Tex.Cr.App., 450 S.W.2d 72.

In his third and fourth grounds of error, appellant contends the trial court erred in failing to instruct the jury as to Mary Richardson's ownership of the car in question.

Appellant contends that his statement that the car belonged to Mary Richardson raised an issue as to the ownership of the car by Mary Richardson. Appellant submitted to the court a requested charge on the issue of her ownership of the car. The requested charge was refused by the court. Appellant then objected to the charge given to the jury.

The cases cited by appellant are not in point because there was no evidence that Mary Richardson had given appellant her consent to use the car. The indictment alleged that appellant "knowingly and intentionally operated a motor vehicle owned by William H. Dinkins, Jr., without his effective consent."

The State proved that Dinkins was the owner of the motor vehicle. The State further proved that appellant operated the motor vehicle knowingly and intentionally without the effective consent of Dinkins. There was no evidence to raise the issue that appellant had received the consent of Mary Richardson to operate the motor vehicle in question.

█ In *Bonner v. State,* Tex.Cr.App., 426 S.W.2d 869, this Court reversed a conviction on similar facts; however, in that case the defendant testified that he did not know the car was stolen and that he had been given the car to use by his friend, James. This was enough to raise an issue as to his defensive theory and to require the court to charge the jury on the same. By contrast, in the instant case, appellant did not testify and offered no evidence on the issue of consent to operate the motor vehicle.

Appellant's third and fourth grounds of error are overruled.

Appellant's fifth ground of error complains of the failure of the court to grant his requested charge on punishment.

█ Appellant was indicted under the habitual offender statute for having twice previously been convicted of felony offenses. The appellant requested a charge that could have allowed the jury to find that he had been convicted of one prior felony, but not the other. The charge that was given was more favorable to appellant than the requested charge would have been. Under the charge given, if the jury found appellant had committed one of the prior felonies, but not the other, they would have to find simply not true to the allegation of two prior felonies. The error, if any, was harmless to the appellant.

The judgment is affirmed.

ROBERTS, Judge (concurring).

I concur in the result reached in this case, but disagree with the majority's assessment of appellant's first two grounds of error.

They conclude that appellant's remarks about the ownership of the car he was driving was a confession erroneously admitted in violation of Art. 38.22, V.A.C.C.P., and the Constitution of the United States, but nevertheless rendered harmless by the other "overwhelming" evidence in the case.

Appellant's statement that the car belonged to his sister was in no way inculpatory and did not constitute a confession under our statutes, in my opinion. *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973) (dissenting opinion); *Easley v. State,* 493 S.W.2d 199 (Tex.Cr.App.1973); *Martinez v. State,* 498 S.W.2d 938 (Tex.Cr.App.1973) (concurring opinion). It was not the product of oppressive or accusatory police interrogation. I agree with Commissioner Archie Brown, whose original draft of this opinion read as follows:

"Although the appellant was not free to leave he was not under arrest and the investigation had not yet centered on the appellant in any respect save his failure to have a driver's license in his possession. Under these circumstances the inquiry of the officer as to who the car belonged to after the appellant failed to produce a driver's license did not involve a custodial interrogation. See Generally Annotation Police Interrogation—Traffic Offenses, 25 A.L.R.3rd 1076. We further note that the appellant's answer that the car belonged to his sister can hardly be characterized as a confession or even an inculpatory statement in the context in which it was given.

"Appellant contends that even if his statement was admissible under *Miranda* it was none the less error to admit it under Art. 38.22, V.A.C.C.P.

"The statement that the car belonged to the appellant's sister was not a confession nor did it lead to any evidence that tended to reflect on the appellant's guilt. The statement was a simple exculpatory statement and Art. 38.22, V.A.C.C.P., was not applicable."

I therefore concur in the affirmance of this conviction.

ODOM, J., joins in this opinion.

ONION, Presiding Judge (dissenting).

In his first two grounds of error appellant contends a statement made by him to an officer while he was under arrest resulted from custodial interrogation. He urges that both *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Article 38.22, Vernon's Ann.C.C.P. were violated.

The opinion prepared for the court by Judge Morrison recognizes the error, but would hold the error harmless in view of the overwhelming evidence of guilt. I wish I could concur that the error was harmless, but I cannot, and I cannot agree with the concurring opinion that the statement was "in no way inculpatory" and that while appellant was not free to go he was not under arrest.

A short resumé of the facts is necessary.

William Dinkins, owner of a 1971 red Volkswagen, testified on December 18, 1973, he took his vehicle to a Volkswagen dealer in Dallas for a tune-up and repair and turned the car over to Cliff Autrey, a service adviser. Autrey testified that it was discovered later that afternoon the car had been taken from the dealer's lot. He related he did not give anyone permission to take the car from the lot. There was no witness to the taking.

Dallas Police Officer Jack Swafford testified about 2 p. m. on January 12, 1974, almost a month after the alleged offense, he was assisting a driver's license checkpoint by insuring that motorists did not avoid the checkpoint. He related he saw a 1971 red Volkswagen approach the checkpoint and go almost through the intersection and then make a sudden left turn at a higher than normal speed. Swafford testified he stepped out of his police vehicle and signaled the car to stop, which it did. The appellant was identified as the driver of the car and was unable to produce a driver's

license or any identification, though he gave his name. The officer noticed the car had only one rear license plate, and he stepped to his patrol vehicle and checked on the registration and was informed by the dispatcher that the license number was registered to a Toyota rather than a Volkswagen. After five or ten minutes, he returned to the Volkswagen and asked the appellant to whom the car belonged and, over objection, was permitted to testify that appellant replied the car belonged to his sister, Mary Richardson. The officer testified that at the time of the questioning the appellant was not free to leave, that he was under investigation for a criminal offense—having no driver's license. While other officers who had arrived were taking appellant to the address where he claimed he lived, Officer Swafford observed the vehicle identification number, normally visible through the windshield of the car, had been pried off. After appellant's return and it was learned he had pointed out a vacant house as his address, appellant was arrested for "theft."

The owner's manual and his address were found in the car. Dinkins was called and recovered his vehicle.

At the time of the complained of statement, the appellant was obviously under arrest for failure to exhibit a driver's license in violation of Article 6687b, Sec. 13, Vernon's Ann.C.S. He was not free to leave. Upon his return to the Volkswagen, the officer was also aware that the vehicle bore license plates registered to a different motor vehicle, which was a violation of Article 6675b–7, Vernon's Ann.C.S.,[1] although he testified he had not yet determined whether he would charge anyone with "theft" of the vehicle.

Custodial interrogation was defined in *Miranda* as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." See also *Ancira v. State,* 516 S.W.2d 924 (Tex.Cr.App.1974). And such custodial interrogation is not limited to police station house interrogation. *Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968); *Orozco v. Texas,* 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969).

This court in *Ancira,* supra, further cited with approval *United States v. Phelps,* 443 F.2d 246 (5th Cir. 1971), where it was stated:

"... (W)e have noted several significant factors which should be considered in determining whether or not a defendant is in custody. For example, probable cause to arrest, subjective intent of the police, focus of the investigation, and subjective belief of the defendant have all been deemed relevant." *Miranda v. Arizona,* 384 U.S. at p. 444, 86 S.Ct. at p. 1602.

Further, it is provided in Article 15.22, Vernon's Ann.C.C.P.:

"A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant."

In the instant case there clearly was probable cause to arrest for failure to exhibit a driver's license, which the officer did. In addition, there was probable cause to arrest when it was discovered the Volkswagen bore a license plate issued to a Toyota, and the officer repeatedly testified that at the time of his questioning the appellant was not free to go. While the officer had not yet decided to arrest anyone for "theft" or unauthorized use of a motor vehicle, it is clear that such investigation, under the circumstances, had begun to focus upon the

---

1. In *Potter v. State,* 481 S.W.2d 101 (Tex.Cr. App.1972), at footnote # 8, we held that when an officer knew an automobile had license plates registered to another vehicle he was in possession of reasonably trustworthy information which would lead a man of reasonable caution and prudence to believe a crime was being committed.

appellant and he had already been placed under restraint.

No warnings having been given, I would conclude that appellant's statement as to the ownership of the automobile given during custodial interrogation was not admissible in light of *Miranda,* nor under the provisions of Article 38.22, Vernon's Ann.C.C.P. The fact that the appellant was under arrest for other offenses and not free to go distinguishes the instant case from a general investigation into an unsolved crime [see *Brown v. State,* 475 S.W.2d 938 (Tex.Cr. App.1971), and cases there cited] as well as those cases upholding the admissibility of statements made within the ambit of a general on-the-scene investigatory process. See *Tilley v. State,* 462 S.W.2d 594 (Tex.Cr. App.1971); *Higgins v. State,* 473 S.W.2d 493 (Tex.Cr.App.1971); *Williams v. State,* 524 S.W.2d 705 (Tex.Cr.App.1975). And it is likewise distinguishable from those cases where the individual was not under arrest when the statements were made. See *Adami v. State,* 524 S.W.2d 693 (Tex.Cr.App. 1975); *Graham v. State,* 486 S.W.2d 92 (Tex.Cr.App.1972).

Further, it is noted that the oral inculpatory statement admitted was not within any of the exceptions pertaining to oral confessions or statements within the ambit of Article 38.22, Vernon's Ann.C.C.P. Although the statement was not in the mode of a classical confession, it would never have been offered by the State unless it tended to show his guilt—that he had lied about the ownership of the car. Under our time honored interpretation of our confession statute, such statement was not admissible as evidence. See *Easley v. State,* 493 S.W.2d 199 (Tex.Cr.App.1973); *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973); *Garner v. State,* 464 S.W.2d 111 (Tex.Cr. App.1971).

As stated in *Dover v. State,* 81 Tex.Cr.R. 545, 197 S.W. 192 (1917):

"The purpose and effect of this statute is to prevent the prosecution from using against the accused the testimony of the officer having him under arrest to a verbal statement made by the accused *which the state seeks to use to prove his guilt."* (Emphasis Supplied) See also *Lightfoot v. State,* 117 Tex.Cr.R. 515, 35 S.W.2d 163 (1931).

In the instant case there were no witnesses to the actual taking. The most damaging testimony to the appellant was that he was in possession of the vehicle bearing the wrong license plates almost a month after the taking. In order to bolster its case, the State offered the complained of testimony to show that in addition to possession he lied to the officer as to the ownership of the car. I cannot agree that the error in admitting the statement made under arrest was harmless error beyond a reasonable doubt because of other evidence of guilt which was overwhelming under the circumstances presented. It is interesting to note that not a single case cited in support of such holding involved a violation of *Miranda* or Article 38.22, supra.

I dissent.