**I. P. JIMMERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 56014.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1978.

Appellant's Second Motion for Rehearing Denied Feb. 15, 1978.

**6**

Sam Saleh (court appointed), Lamesa, for appellant.

Joe Smith, Dist. Atty., Seminole, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

ONION, Presiding Judge.

Appellant, with leave of this court, has filed a motion for rehearing in which it is argued that this court committed error in affirming in a per curiam opinion the order revoking probation. The trial court had revoked appellant's probation because it found that appellant had violated probation by possessing a usable quantity of marihuana and by communicating a false bomb report at Lamesa High School. This court affirmed the order revoking probation finding that "[e]ven though the (trial) court had other grounds, the evidence of appellant's possession of marihuana is sufficient to support the revocation of probation. It is not necessary to discuss the other contentions."

With regard to the allegation in the revocation motion as to the possession of marihuana, the record reveals that appellant, after being stopped for speeding on January 10, 1977, was arrested for disorderly conduct in violation of V.T.C.A., Penal Code, § 42.01(a)(4), and was taken to the city jail. Officers searched him during the booking process and two marihuana cigarettes were seized from one of his pockets.

Appellant, citing *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), contends that V.T.C.A., Penal Code, § 42.01(a)(4), is unconstitutional because it does not specifically define the proscribed conduct, and that because there was therefore no probable cause for his arrest then the subsequent search was not justified and the fruit of the search, the marihuana cigarettes, should not have been admitted into evidence. Appellant further argues that without the marihuana cigarettes being admitted into evidence there was insufficient evidence to support the revocation of probation.

V.T.C.A., Penal Code, § 42.01(a)(4), provides:

"(a) A person commits an offense if he intentionally or knowingly:

"\* \* \* \*

"(4) abuses or threatens a person in a public place in an obviously offensive manner."

In *Gooding v. Wilson,* supra, the Supreme Court held that a Georgia statute providing that "[a]ny person who shall, without provocation, use to or of another, and in his presence . . . opprobrious words or abusive language, tending to cause a breach of the peace . . . shall be guilty of a misdemeanor" was on its face constitutionally vague and overbroad under the First and Fourteenth Amendments to the United States Constitution. The Supreme Court found that the Georgia courts had not narrowly construed such statute to apply only to "fighting" words "which by their very utterance . . . tend to incite an immediate breach of the peace" as required by *Chaplinsky v. New Hampshire,* 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

Does V.T.C.A., Penal Code, § 42.-01(a)(4), apply only to "fighting words" which by their very utterance tend to incite an immediate breach of the peace? While we are confident that the Legislature intended that anything short of "fighting words" would not be a violation of that section because the section was enacted and became effective (January 1, 1974) well after the decisions in *Gooding v. Wilson* and *Chaplinsky v. New Hampshire,* both supra, had clarified the law on the subject of disorderly conduct statutes, we do not reach that question because we find the evidence in this case is not sufficient to support an arrest for disorderly conduct. The only evidence on this issue came from the arresting officer who testified that appellant "used some profane language" and "was highly irritated and kept using, again, profane language"; that the only reason that appellant was placed under arrest was because of the profane language; and that another police officer "did drive up and hear him (appellant) . . . cussing." It is thus apparent that whether the words spoken were "fighting" words, "abusive or threatening" words, or words privileged by the First Amendment to the United States Constitution cannot be determined from this record.

In the absence of any evidence as to the words used by the accused to trigger the arrest for disorderly conduct, we find no probable cause for such arrest. The marihuana cigarettes obtained in the subsequent search were therefore not admissible and the evidence was insufficient to prove the allegation in the revocation motion that appellant possessed a usable quantity of marihuana.

We now look to see if the trial court abused its discretion in revoking appellant's probation because of its finding that appellant communicated a false bomb report at Lamesa High School. The record reflects that at about 11:30 a. m. on February 3, 1977, an office aide at Lamesa High School received a telephone call stating in substance that a bomb would be going off at 2:00 o'clock. The telephone company had earlier placed a tracing device on this telephone and it was determined within a matter of minutes that the telephone call had originated at 407 South 3rd Street, Lamesa. A police officer was dispatched to that address and upon arriving at about 12:05 p. m. saw appellant and three other young men "coming or walking away from the house." One of the young men lived in the house and readily unlocked the door to let the police officer into the house. Because of the tracing device on the school's telephone, the telephone inside the house was still connected to the school telephone. Ricky Walton, one of the young men at the house, testified at the revocation hearing that he observed appellant and one James Mason use the telephone shortly before noon on that day, but that only appellant talked on the telephone because the line was busy when Mason tried to use it.

Walton also testified that while he and appellant were under arrest and in custody in the police station he heard appellant say to the two other young men involved, "I don't know what they're booking you all for. I already told them I did it, that you all didn't know anything about it." The trial court originally sustained an objection to this testimony, but later overruled objection to it and let it in, stating, "I will

overrule the objection at this time. After this is over with I am going to check that Statute (as to whether the Statute applies only to statements made to officers)."

 That the testimony was erroneously admitted is without question. It is well established that oral statements in the nature of confessions made while in custody are not admissible under Article 38.22 of the Texas Code of Criminal Procedure, except in certain stated circumstances which are not pertinent here. *Easley v. State,* 493 S.W.2d 199 (Tex.Cr.App.1973); *Garner v. State,* 464 S.W.2d 111 (Tex.Cr.App.1971).[1] While there is nothing in the record to reflect that the trial judge did "check that Statute," it is presumed that he as the trier of the facts of a revocation of probation hearing properly disregarded the oral confession testimony. See *Peach v. State,* 498 S.W.2d 192 (Tex.Cr.App.1973).

██ Using the preponderance of the evidence test applicable to revocation of probation hearings, *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974), we find the evidence, without the oral confession testimony, to be sufficient to support the revocation order in that appellant did communicate a false bomb report at Lamesa High School.

No abuse of discretion being shown, the motion for rehearing is overruled.

ROBERTS, ODOM, PHILLIPS and DALLY, JJ., concur in the result.

---

1. We need not determine the applicability of the 1977 amendment to Article 38.22, supra (Acts 1977, 65th Leg., ch. 348, p. 935), as the statement was made prior to the effective date of the amendment (August 29, 1977).