**Raul MEZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 56206.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 24, 1979.

Rehearing En Banc Denied
March 21, 1979.

Stephen W. Russell, Austin—on appeal only—for appellant.

Ronald D. Earle, Dist. Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. Punishment was assessed at twenty years.

In three grounds of error, appellant challenges the admission of his oral confession.

We note that in *Meza v. State*, 543 S.W.2d 189 (Tex.Civ.App.—Austin, 1976, no writ), the appellant challenged the admission of this confession in his appeal of the juvenile court's transfer of jurisdiction to

the district court.[1] The Court of Civil Appeals held that the confession was properly admitted. 543 S.W.2d at 192. The admission of the confession is now challenged on different grounds.

On December 31, 1975, the appellant and three other juveniles robbed the night manager of a U-Totem convenience store in Austin. In the course of the robbery the manager was taken into a cooler in the rear of the store and shot in the back by the appellant.

On January 3, 1976, at 9:30 a. m., the appellant was arrested pursuant to an arrest warrant by Sergeant Schwettman of the Austin Police Department. While still in appellant's residence, Schwettman read the appellant his *Miranda* rights[2] in the presence of Pat Castro, the appellant's step-father. Schwettman read these warnings from a "blue card," and then asked if appellant understood or had any questions. Schwettman stated that he did not interject anything between the warnings, but read the card without interruption.

Appellant was then taken to the Youth Services facility at the police station, arriving at approximately 10:00 a. m. after the officers had first stopped and taken another suspect in the robbery into custody. Appellant was not taken before a magistrate until 3:40 p. m., however.

Sergeant Gambrell, who was also present when the appellant was arrested, did not accompany appellant and the other officers back to the station, but instead continued his investigation. He returned to the station between 12:00 and 1:00 p. m. with other evidence gathered in his investigation. Gambrell then called the municipal court, and when informed that no judge was present, asked that a judge be contacted. He then took the appellant from the Youth Services department and brought him to his office in the Armed Robbery detail.

Gambrell read the appellant his *Miranda* rights, pausing between each statement and inquiring whether the appellant understood.

He also warned the appellant that he could be certified as an adult by the juvenile court and tried as an adult for the offense. Appellant responded that he understood each of those rights, and in response to questioning made the oral confession that is the subject of this appeal.

From Gambrell's office the appellant was taken to the residence of another juvenile involved in the robbery. At that residence, he directed the officers to the inculpatory evidence discovered as a result of his confession. Appellant was returned to the police station at 3:40 p. m. and taken before a magistrate. The magistrate warned the appellant of his rights out of the presence of the police officers. No other statement was made by the appellant, and he was transferred to Gardner House, a juvenile detention center.

Appellant's mother testified that about noon on the day in question she called Gambrell and asked the officer if the appellant needed "a lawyer or anything." She stated that Gambrell responded, "No, he doesn't," and that he would call her when the appellant was transferred to Gardner House. She again called at about 3:30 p. m. and asked if she needed to go to the police station. She stated that she was told that she did not need to go to the police station and that she would be informed when a transfer to Gardner House occurred.

Pat Castro, appellant's step-father, testified that he did not think that the appellant paid attention while being read his *Miranda* rights at the residence. He further stated that he had listened to his wife as she made two calls to the police station.

The trial court entered findings after a pre-trial hearing that appellant's waiver was knowingly and intelligently made and that the confession was freely and voluntarily made.

◼ Appellant initially contends that the trial court erred in finding that the appellant knowingly and intelligently waived his right to counsel and to remain silent. The

1. *Meza* was 15 years old at the time of the offense.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

circumstances cited by the appellant as showing that his waiver was not knowing and intelligent are:

1. Appellant's age;
2. The length of time that he was alone with police;
3. The absence of a showing that he was asked whether he wished to assert any of his rights;
4. The isolation from his family and friendly adult advice;
5. The failure to warn the appellant in Spanish;
6. The length of time before he was taken before a magistrate and warned.

Whether a defendant knowingly and intelligently waived his right to counsel and to remain silent is determined from the totality of the circumstances surrounding that waiver. *Castro v. State*, 562 S.W.2d 252; *McKittrick v. State*, 541 S.W.2d 177; *Estes v. State*, 507 S.W.2d 216. Although the age of the defendant is one factor to be considered, the fact that the defendant was a juvenile at the time of his arrest is not controlling. *Moreno v. State*, 511 S.W.2d 273. Nor does this waiver have to be express. *Moreno v. State*, supra. Each case must be considered on its own facts to determine if the waiver was knowingly and intelligently made.

In the present case, the appellant was given the *Miranda* warnings twice before the oral confession was made. He was not questioned continuously for an extended period of time, nor was there any showing that oppressive, abusive, or coercive tactics were used in that questioning.

Appellant did not testify at either the suppression hearing or at trial. We can only judge his maturity and ability to understand his rights from the testimony in the record before us. The officers' testimony that the appellant acknowledged that he understood his rights is, in effect, uncontradicted.

The officers' statements to appellant's mother do not, standing alone, show a deliberate isolation of the appellant. At no time did the officers state that no one could see the appellant, nor is there a showing that they actually prevented access to the appellant.

We cannot say from the record before us that the delay in taking appellant before a magistrate was unreasonable or intentional. Sergeant Williams attempted to contact a magistrate before questioning appellant, and the record indicates that no magistrate was available at that time.

There is no evidence indicating that the delay was calculated to coerce a confession from the appellant. The officer who questioned the appellant had continued his investigation, and immediately upon concluding the investigation attempted to contact a magistrate.

We find that the evidence supports the trial court's findings that appellant knowingly and intelligently waived his rights and that the confession was freely and voluntarily made.

■ Appellant also contends that the confession was obtained while the appellant was in custody in violation of V.T.C.A. Family Code, Sec. 52.02. He maintains that unless Sec. 52.02 was complied with any detention was illegal, and hence any confession during that detention would be tainted.[3]

As pertinent to this ground of error, Sec. 52.02(a)(3), provides that:

"(a) A person taking a child into custody, without unnecessary delay and without first taking the child elsewhere, shall do one of the following:

\* \* \* \* \* \*

"(3) bring the child to a detention facility designated by the juvenile court; . . .."

On cross-examination, appellant's counsel elicited the following from Sergeant Gambrell:

"Q. Did you bring him to a detention facility prior to bringing him elsewhere and without unnecessary delay?

3. See *In re D. M. G. H.*, 553 S.W.2d 837 (Tex. Civ. App.—El Paso, 1977).

"A. Sergeant Williams did.

"Q. A detention facility designated by the juvenile court?

"A. Yes, sir.

"Q. Is not that detention facility Gardner House?

"A. It's Youth Services of the Department.

"Q. Are you saying that the police department is the facility designated by the juvenile court for detention and not Gardner House?

"A. There's a special facility of the Department for the handling of juveniles.

"Q. Do you personally know where Sergeant Williams took Raul Meza?

"A. To the Juvenile Detail.

"Q. You have personal knowledge of that, not what Sergeant Williams told you?

"A. That's where he was when we arrived."

From the record before us, we find that Sec. 52.02, supra, was complied with.

■ Appellant finally contends that V.T.C.A. Family Code, Sec. 51.09(b)(2), is unconstitutional, as it permits police to take oral confessions without *Miranda* warnings and further that the distinction made between oral and written confessions has no rational basis. Appellant argues that greater protection is afforded a juvenile making a written confession than is given a juvenile making an oral confession.

Article 38.22, V.A.C.C.P., is the general statute controlling the use of confessions in criminal trials. Although Art. 38.22, supra, does not on its face require *Miranda* warnings before an oral confession leading to other evidence of the crime is admissible, this Court has held that lack of such a requirement does not affect the applicability of *Miranda*. *Noble v. State*, Tex.Cr.App., 478 S.W.2d 83; *Valerio v. State*, Tex.Cr.App., 494 S.W.2d 892; *Moore v. State*, Tex.Cr.App., 505 S.W.2d 887. Article 38.-22(1)(e), supra, as in effect at the time of the cases cited above,[4] provided:

"1. The oral or written confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if:

\*   \*   \*   \*   \*   \*

"(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Section 51.09(b)(2), supra, the specific statute applicable to oral confessions made by juveniles, provides:

"(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

\*   \*   \*   \*   \*   \*

"(2) it be made orally and the child makes a statement of facts or circumstances that are found to be true, which conduct tends to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

We hold that Sec. 51.09(b)(2) does not dispense with *Miranda* warnings, and thus is constitutional in the face of such a challenge.

Finally, absent a suspect classification, so long as a statute's unequal treatment of persons is based upon a reasonable and substantial classification, it does not deny equal protection. *Milligan v. State*, Tex.Cr.App., 554 S.W.2d 192; *Ex parte Rubin*, Tex.Cr.App., 362 S.W.2d 331.

The Legislature's establishment of different requirements as to the admissibility of confessions by juveniles, hinged on whether the oral confession leads to discovery of

4. Amended, effective Aug. 29, 1977.

inculpatory evidence, is a reasonable and rational classification. A confession that does not lead to inculpatory evidence would lack the indicia of truth present when a confession leads to evidence which tends to establish guilt. Requiring greater protections as a prerequisite to admission of a confession that does not lead to such evidence is a rational and reasonable basis to attach that greater protection. We find that Sec. 51.09, supra, does not violate the equal protection guarantees of either the state or federal constitution.

We hold that the appellant's confession was properly admitted into evidence.

The judgment is affirmed.