

# The Attorney General of Texas

January 30, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George McCrea
County Attorney
Tom Green County Courthouse
San Angelo, Texas

Opinion No. MW-1

Re: Constitutionality of section 42.01(a)(1), Penal Code.

Dear Mr. McCrea:

You have requested our opinion regarding the constitutionality of article 42.01(a)(1) of the Texas Penal Code, in light of the United States Supreme Court's decision in Acker v. Texas, 430 U.S. 962 (1977). The statute in question states:

>   (a)   A person commits an offense if he intentionally or knowingly:
>
>   (1)   uses abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace. . . .

In Acker, a case on direct appeal to the United States Supreme Court from County Court at Law No. 2 of Travis County, the Supreme Court reversed a conviction under this statute. The Supreme Court's action was by memorandum opinion which merely indicated that the conviction was reversed and cited page 525 of its opinion in Gooding v. Wilson, 405 U.S. 518 (1972). You suggest that there is a question regarding the statute's facial constitutionality since the Gooding case found a similar Georgia statute to be invalid.

We do not believe that so much can be read into the Supreme Court's summary action. Since Chaplinsky v. New Hampshire, 315 U.S. 568 (1942), the Supreme Court has held that states may validly prohibit the use of "fighting words." We have examined the briefs submitted to the Supreme Court in Acker, and the page of Gooding relied on by the Court was cited by appellant for the proposition that the words involved in Acker were not fighting words, i.e., words which by their very utterance would tend to incite an immediate breach of the peace. Thus it appears that the Supreme Court found merely that the particular facts involved in Acker could not constitutionally constitute an offense.

There is no indication that the Court found the statute to be facially invalid. Indeed, it is obvious that the Texas statute was carefully drafted with the relevant United States Supreme Court cases in mind. See Practice Commentary to V.T.P.C., § 42.01. Also, in marked contrast to the Georgia statute involved in Gooding, the Texas law has received judicial gloss indicating that the legislature did not intend to prohibit conduct unless it fell within limits defined by the United States Supreme Court. Nine months after the Acker case was decided, the Texas Court of Criminal Appeals issued its en banc decision in Jimmerson v. State, 561 S.W.2d 5 (Tex. Crim. App. 1978), in which the defendant had challenged, on the basis of Gooding, the constitutionality of another portion of the statute in question, section 42.01(a)(4). Although the Court of Criminal Appeals ultimately found it unnecessary to determine the question, it asked rhetorically whether section 42.01(a)(4) applies "only to 'fighting words' which by their very utterance tend to incite an immediate breach of the peace." The court then answered its own question:

> ... we are confident that the Legislature intended that anything short of 'fighting words' would not be a violation of that section because the section was enacted and became effective (January 1, 1974) well after the decisions in Gooding v. Wilson and Chaplinsky v. New Hampshire, both supra, had clarified the law on the subject of disorderly conduct statutes. ...

561 S.W.2d, at 7.

Thus, in our opinion the United States Supreme Court's decision in Acker v. Texas did not indicate that section 42.01(a)(1) of the Penal Code is facially unconstitutional.

### SUMMARY

The United States Supreme Court's decision in Acker v. Texas, 430 U.S. 962 (1977), did not invalidate section 42.01(a)(1) of the Penal Code which relates to the use of abusive language.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
and C. Robert Heath
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Douglas M. Becker
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood