**Ronald M. DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00354–CR.**

Court of Appeals of Texas, Dallas.

May 18, 1982.
Rehearing Denied Aug. 26, 1982.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., for appellee.

Before CARVER, STOREY and ALLEN, JJ.

ALLEN, Justice.

This is an appeal from a conviction for murder. Following a verdict of guilty the jury assessed punishment at life imprisonment. Appellant raises nineteen grounds of error on appeal. In his second ground he claims that the trial court erred in admitting the testimony of a hospital nurse as to a statement made to her by appellant while he was in custody at the hospital. We agree and thus reverse and remand.

Appellant was sixteen years old when the offense occurred. He was charged with causing the death of another by committing a dangerous act while engaged in the felony of unauthorized use of a motor vehicle. The evidence shows that appellant was driving a motor vehicle without the owner's consent when it collided with a police car during a high speed chase. The collision caused the death of three people and injury to appellant. The juvenile court waived jurisdiction over appellant, and he was tried as an adult.

The evidence shows that while appellant was in custody at the hospital recovering from his injuries a nurse asked him what had happened. Appellant replied, "We stole a car and had an accident." During the trial the nurse was allowed, over proper objection by appellant, to testify to this statement in the presence of the jury.

 At the time the statement was made, appellant was a juvenile, he was in custody, and the juvenile court had not waived jurisdiction over him. The admissibility of his statement was governed by the

provisions of the Family Code, notwithstanding the fact that the statement was used in a trial conducted after the jurisdiction of the juvenile court had been waived. *Lovell v. State,* 525 S.W.2d 511 (Tex.Cr. App.1975). Under Tex.Fam.Code Ann. § 51.09(b)(2) (Vernon Supp. 1982), the oral statement of a juvenile is only admissible if it leads to the discovery of evidence which tends to show the guilt of the accused, such as stolen property or an instrument used to commit the offense. There is no such corroboration here, so the statement was inadmissible. *In the Matter of R.L.S.,* 575 S.W.2d 665 (Tex.Civ.App.—El Paso 1978, no writ).

The language of Tex.Fam.Code Ann. § 51.09(b)(2) (Vernon Supp. 1982) was added in 1975, apparently to make the oral statements of juveniles admissible on the same terms as the oral statements of adults, which were governed in 1975 by Tex.Code Crim.Pro.Ann. art. 38.22, § 1(e) (Vernon Supp. 1975–76).[1] *See* Dawson, *Delinquent Children and Children in Need of Supervision,* 8 Tex.Tech L.Rev. 119 at 132 (1976), and Steele, *Criminal Law and Procedure,* 30 S.W.L.J. 315 at 346, n.196 (1976). The courts have, for that reason, looked to the cases interpreting then article 38.22, § 1(e), for guidance in interpreting § 51.09(b)(2). *In the Matter of R.L.S., supra; Meza v. State,* 577 S.W.2d 705, 708 (Tex.Cr.App. 1979).

The former article 38.22 read, in pertinent part, that a statement "made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if ... it be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." The cases held that any statement made while in custody was governed by the article. Thus, a statement made by an inmate to other inmates while in jail was not admissible unless it led to the discovery of corrobo-rating evidence. *Jimmerson v. State,* 561 S.W.2d 5 (Tex.Cr.App.1978) *(En Banc);* *Easley v. State,* 493 S.W.2d 199 (Tex.Cr. App.1973). This was the rule even if the statement was made voluntarily and spontaneously to persons other than law enforcement officers, so long as the appellant was in custody.

The 1977 amendments to article 38.22 changed the language so that the question now is not whether the accused was in custody when the statement was made, but whether the statement was the result of custodial interrogation, as that term is used in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thus, a statement by the accused to another inmate while in custody, which would clearly have been inadmissible under the doctrine of *Jimmerson v. State, supra,* has been held admissible because of the 1977 amendments to Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979). *May v. State,* 618 S.W.2d 333, 348 (Tex.Cr.App.1981) *(En Banc).*

The results we reach would be different had Tex.Fam.Code Ann. § 51.09(b)(2) (Vernon Supp. 1982) also been amended, so as to demonstrate a legislative intent to alter the rule governing the admissibility of a juvenile's oral statement. However, it was not. The juvenile's statement was not admissible and was inculpatory in nature, thus we cannot say its receipt into evidence was harmless. *Smith v. State,* 514 S.W.2d 749, 753 (Tex.Cr.App.1974); *Easley v. State,* 493 S.W.2d 199, 201 (Tex.Cr.App.1973); *see* *Stone v. State,* 612 S.W.2d 542, 547–548 (Tex.Cr.App.1981). We find that the error committed requires reversal.

Appellant contends in his first ground of error that the trial court did not have jurisdiction over him because the jurisdiction of the juvenile court over the offense had not been waived. We disagree.

The indictment alleged ownership of the automobile in Albert Wright. The waiver of jurisdiction and transfer order alleged, *inter alia,* Sandra Wright to be the complainant in the unauthorized use of a motor

---

1. Acts 1967, 60th Leg., p. 1740, ch. 659, § 23, eff. Aug. 28, 1967.

**12**

vehicle complaint. The petition for waiver of jurisdiction alleged ownership of the vehicle in Sandra Wright, as did one of the complaints that accompanied the transfer order. Therefore, appellant contends the juvenile court never transferred its jurisdiction over the offense of unauthorized use of a motor vehicle owned by Albert Wright.

A similar contention was successfully raised in *Ex parte Allen*, 618 S.W.2d 357 (Tex.Cr.App.1981) (*En Banc*), but on facts quite different from those presented by this case. In *Allen* the accused was the subject of two petitions in juvenile court, one alleging capital murder of one person on one date, and another alleging attempted murder of another person on another date. The State filed two motions to waive jurisdiction—one for each offense. At the certification hearing only evidence of the attempted murder was presented, and jurisdiction was waived by the juvenile court on that charge alone. The accused was indicted for three offenses, and was convicted of capital murder. The Court of Criminal Appeals ruled that jurisdiction over the capital murder charge was still in the juvenile court because the conduct on which it was based was never the subject of a transfer hearing; jurisdiction was never waived relating to the conduct resulting in the capital murder indictment. The court focused not on the different offenses, but on the different conduct underlying each. Because the conduct that was the basis for the capital murder charge was never the subject of a transfer hearing, jurisdiction remained in the juvenile court.

■ In this case the conduct that was the basis for the murder indictment was the subject of the transfer hearing and order, and jurisdiction over the charge arising from that conduct was transferred. The listing of the complaining witness as Sandra Wright in the juvenile proceedings and the naming of the automobile owner as Albert Wright in the indictment does not mean the conduct dealt with in the indictment was not the conduct over which jurisdiction was transferred. Both the transfer proceedings and the indictment arose from the appel-

lant's causing the death of others [1] while engaged in the unauthorized use of a motor vehicle. Jurisdiction in the criminal district court was not defeated by the different allegations of ownership where the conduct that constituted the alleged offense of driving a motor vehicle without the owner's consent was the identical conduct investigated by the juvenile court.

For the reasons stated we reverse the judgment of the trial court and remand the case for a new trial.

## ON STATE'S MOTION FOR REHEARING

The State has timely filed its motion for rehearing in this cause contending that the error for which we reverse is harmless. After giving their contention full consideration, we disagree.

■ The test for harmless constitutional error is not whether a conviction could have been had without the improperly admitted evidence, but "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). This test was applied by The Court of Criminal Appeals in *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Cr.App. 1980) (*En Banc*). It is well established in Texas that this rule includes the assessment of punishment. *See Jordan v. State*, 576 S.W.2d 825, 830 (Tex.Cr.App.1978); *Ex Parte Flores*, 537 S.W.2d 458, 460 (Tex.Cr. App.1976). An appellate court cannot guess or surmise that the error is harmless, but must be able to determine from the record that the error did not affect the verdict. If the court cannot so find, it may not properly decide that the error is harmless. *See Holloway v. Arkansas*, 435 U.S. 475, 491, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978).

■ In the case before us the appellant was found guilty of causing another's death by committing a dangerous act while committing a felony. The jury assessed the maximum punishment allowed, life impris-

onment. Appellant's statement "We stole a car and had an accident" was improperly admitted into evidence.

■ Whether or not the statement was made, and what meaning it had, were questions extensively developed before the jury by the direct and cross-examination of witnesses on presentation of the State's case in chief and in rebuttal. The statement was also referred to by the State when it argued to the jury that appellant knew the car he was driving was stolen, and that he had no remorse over what happened.[1] Though we might conclude that the testimony complained of is not necessary to support the conviction, *Musgrave v. State,* 608 S.W.2d 184, 190 (Tex.Cr.App.1980) (on State's Motion for Rehearing) (*En Banc*), we must be able to conclude from the record that the erroneously admitted evidence was harmless beyond a reasonable doubt. *Jordan v. State, supra,* at 830. In light of the prominence given to the erroneously admitted statement, we find that there is a reasonable possibility that its admissions might have contributed to appellant's conviction. We are unable to conclude from the record that the erroneously admitted statement was harmless beyond a reasonable doubt.

This finding is further strengthened by the fact that the statement was used by the State in its argument on punishment. Although a life sentence may be appropriate under the facts of this case, that is not the question before us. If there is a reasonable possibility that the statement contributed to the length of appellant's sentence, and we cannot say from the record beyond a reasonable doubt that it did not, its admission is harmful, whether or not it is harmless on the question of guilt. *Clemons v. State,* 605 S.W.2d 567, 571–572 (Tex.Crim.App.1980), *Jordan v. State, supra* at 830.

For these reasons we cannot find the error harmless. The State's motion for rehearing is overruled.

1. State's Attorney: ". . . . When he is in the hospital and everything is quiet, no threats then, the nurse walks in and says, what hap-

pened and did he say, I killed three men I don't know if I can live with it? No, he said we stole a car. That is all it meant to him."