NO. 07-01-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 22, 2001



______________________________




CARLOS MATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO APPOINT SECOND ATTORNEY


 Appellant Carlos Mata was convicted of the offense of unlawful possession of a
firearm by a felon and was sentenced to eight years confinement in the Institutional
Division of the Department of Criminal Justice and a $10,000 fine. A notice of appeal was
filed by his appellate counsel. Currently before this Court is appellant's pro se "Motion for
Appointment of Second Attorney." In that motion, he seeks appointment of other counsel
on appeal for the reasons that his appointed counsel has failed to raise in his brief some
issues that appellant wanted raised and because of some errors in the docketing
statement submitted by his counsel. In a letter attached to his motion, appellant asserts
that he "is content with the court appointed attorney Kregg Hukill, but I feel that I have
shown this court that he truly has to [sic] many cases to handle to represent me to the
fullest of his ability."

 Appellant has previously filed a pro se "Motion for Leave of Court to Permit the
Filing of Motion to Dismiss Appeal Attorney and in Alternative that New Appeal Attorney
be Appointed." (1) By order dated August 24, 2001, we overruled that motion because the
trial court has the responsibility for appointing counsel to represent indigent defendants,
as well as the authority to relieve or replace counsel. See Enriquez v. State, 999 S.W.2d
906, 907 (Tex.App.--Waco 1999, no pet.); see also Springer v. State, 940 S.W.2d 322, 323
(Tex.App.--Dallas 1997, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. 

 On September 24, 2001, appellant filed a "Second Motion for Leave of Court to
Permit the Filing of Motion for Appointment of Second Attorney." That motion was denied
by letter dated September 26, 2001. On October 1, 2001, appellant filed the motion
currently before this court. Thus, we have twice previously denied appellant the right to
file a motion requesting the appointment of other appellate counsel and have explained
our reasons on one occasion for so doing. Therefore, to the extent that appellant's current
motion can be considered a motion for rehearing of our previous orders, that motion is
overruled. 

 Per Curiam

Do not publish.
1. Appellant has also previously filed a "Motion to Dismiss Appeal Attorney and in
Alternative that New Appeal Attorney be Appointed" to the 64th District Court of Hale
County. 



the admission of the evidence was within the zone of
reasonable disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 390
(Tex.Crim.App. 1990, op. on reh'g)).

 The camera in Trooper Calloway's patrol car recorded portions of his roadside
encounter with appellant. In a preliminary hearing, the court observed the videotape before
ruling certain questions by the trooper and responses of appellant, made after appellant
was placed under arrest, were inadmissible because they were not preceded by the
constitutional and statutory warnings. It excluded the portion of the videotape depicting
these events. Appellant's complaint arises from the State's presentation to the jury of
excerpts of other recorded events occurring after his arrest. In the contested video
segment, appellant appears handcuffed and apparently alone in the patrol car. Following
momentary inactivity, he uses his foot to increase the volume of the patrol car's radio. 
Appellant is silent for a time, apparently listening to music from the radio, before suddenly
yelling, "That's right. Slam it, bitch." (3) 

 As we interpret appellant's admissibility argument, he contends once custody
attaches, triggering entitlement to constitutional and statutory admonitions before
interrogation, all utterances and non-verbal expressions of a suspect that follow, until the
warnings are given, are properly excluded from evidence. We disagree.

 The United States Constitution provides that evidence obtained as a result of a
custodial interrogation is inadmissible unless the State proves the officer gave proper
warnings and shows an affirmative waiver of rights by the accused. Miranda v. Arizona,
384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); Ancira v. State, 516 S.W.2d
924, 926 (Tex.Crim.App. 1974). The Texas codification of the Miranda warnings is art.
38.22. Lemmons v. State, 75 S.W.3d 513, 519 (Tex.App.-San Antonio 2002, pet. ref'd).

 Custodial interrogation is questioning initiated by law enforcement officers after a
person is taken into custody or otherwise deprived his or her freedom of action in any
significant manner. Miranda, 384 U.S. at 444; Ruth v. State, 645 S.W.2d 432, 435
(Tex.Crim.App. 1979). Custodial interrogation includes express questioning of a suspect
as well as words or actions by police (other than those normally attendant to arrest and
custody) that the police should know are reasonably likely to elicit an incriminating
response. Jones v. State, 795 S.W.2d 171, 174 (Tex.Crim.App. 1990), quoting Rhode
Island v. Innis, 446 U.S. 291, 300-02, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). For the
sake of this discussion, it is important to note Miranda did not hold that all statements
obtained by police should be considered the product of interrogation. Rather, as the Court
explained:

 In dealing with statements obtained through interrogation, we do not purport
to find all confessions inadmissible. Confessions remain a proper element
in law enforcement. Any statement given freely and voluntarily without any
compelling influences is, of course, admissible in evidence. The fundamental
import of the privilege while an individual is in custody is not whether he is
allowed to talk to the police without benefit of warnings and counsel, but
whether he can be interrogated. There is no requirement that police stop a
person who enters a police station and states that he wishes to confess to
a crime, or a person who calls the police to offer a confession or any other
statement he desires to make. Volunteered statements of any kind are not
barred by the Fifth Amendment and their admissibility is not affected by our
holding today.

Miranda, 384 U.S. at 478 (footnote omitted) (emphasis supplied).

 In like manner, art. 38.22 applies only to statements made as the result of custodial
interrogation. See art. 38.22, § 5 ("Nothing in this article precludes the admission of a
statement made by the accused . . . that does not stem from custodial interrogation. . . ."). 

 Thus, the questioned evidence is not subject to exclusion simply because appellant
was in custody at the time. The evidence must also have been the product of
interrogation. When appellant used his foot to adjust the patrol car radio and yelled, he
was alone in the vehicle. Under the facts presented here, the trooper did not take an
action reasonably likely to elicit an incriminating response by leaving appellant alone in the
patrol car for a few minutes. Appellant was not subjected to custodial interrogation at the
time of the events in question. The trial court did not abuse its discretion by admitting the
portion of the videotape in question. 

 Appellant's first and second issues are overruled. 

Appellant's Third and Fourth Issues


 In his third and fourth issues, appellant complains that the evidence was legally or
factually insufficient to establish that Trooper Calloway possessed reasonable suspicion
to stop appellant. 

 A criminal defendant is entitled to a legal and factual sufficiency review of the
evidence supporting the elements of the offense. Geesa v. State, 820 S.W.2d 154, 159
(Tex.Crim.App. 1991); Hanks v. State, 104 S.W.3d 695, 703 (Tex. App.-El Paso 2003),
aff'd, 137 S.W.3d 668 (Tex.Crim.App. 2004). But here the trooper's reasonable suspicion
to effect the stop of appellant was not part of the State's burden of proof. (4) Nor can we see
that an issue relating to the propriety of the trooper's stop of appellant was otherwise
preserved for review. See Tex. R. App. P. 33.1. Therefore, appellant's issues three and
four present nothing for our consideration, and are overruled. 

Conclusion

 Having overruled appellant's four issues, we affirm the judgment of the trial court.


 James T. Campbell

 Justice






Do not publish.

1. Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).
2. In one sentence under his first issue, appellant argues the portion of the videotape
in question was not relevant. Appellant's brief does not frame the contention as an issue
nor does it present supporting record citations and authorities. Therefore, the question is
not properly before us. Tex. R. App. P. 38.1(h). But even were the issue raised in this
Court, the videotape evidence of appellant's demeanor and speech would be relevant. In
a trial for driving while intoxicated, evidence may include relevant photographs or
videotapes. See Tex. R. Evid. 401 and 1001; Griffith v. State, 55 S.W.3d 598, 601
(Tex.Crim.App. 2001) (audio portions of videotape circumstantially relevant because any
signs of impairment in speech are relevant to definition of intoxication).
3. Having reviewed the videotape, we find a portion of appellant's utterance inaudible. 
However, in its brief the State agrees these were appellant's words, and we accept the
parties' version of this fact. 
4. It was for the State to prove beyond a reasonable doubt and persuade the jury that
appellant was intoxicated while operating a motor vehicle in a public place and, for
enhancement, that he had two prior driving while intoxicated convictions. Tex. Pen. Code
Ann. § 49.04(a); 49.09(b). Appellant stipulated to the two prior convictions of driving while
intoxicated.