NO. 07-05-0334-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2007


 ______________________________



RUBEN PINA LOVINGTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 05-2745; HONORABLE CARTER T. SCHILDKNECHT, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Through four issues, appellant Ruben Pina Lovington appeals his conviction for
driving while intoxicated, enhanced. In his first and second issues, appellant asserts the
trial court erred by admitting a videotape depicting his conduct and an utterance he made
while sitting alone in a patrol car, before he received the admonitions required by Miranda (1)
and article 38.22 of the Texas Code of Criminal Procedure. By his third and fourth issues,
appellant contends the evidence was legally and factually insufficient to establish
reasonable suspicion for the stop of his motor vehicle by law enforcement. Finding
appellant's utterance and conduct were not subject to constitutional and statutory warnings
because they were voluntary and not the subject of interrogation, and finding the question
of reasonable suspicion to detain is not subject to a factual and legal sufficiency review,
we affirm. 

Background

 Texas Department of Public Safety Trooper Joel Calloway was on routine vehicle
patrol near Tahoka about 4:30 on the afternoon of appellant's arrest when he observed
appellant operating a vehicle with an expired registration sticker. He turned his patrol car
and followed appellant's vehicle, signaling him to pull over, but appellant turned onto a dirt
county road before finally stopping. 

 At appellant's vehicle, Trooper Calloway noticed a strong odor of alcohol and
observed beer cans and open containers inside the vehicle. Appellant was not able to
produce a driver's license or proof of insurance. 

 Appellant initially told the trooper he was going home but then admitted he lived in
Lubbock and turned on the county road to avoid a traffic stop. Appellant stated he had
consumed an alcoholic beverage. During the discussion that followed, the quantity,
according to appellant, ranged from two beers to "two quarts." 

 Trooper Calloway administered the horizontal gaze nystagmus field sobriety test and
observed six clues. Appellant refused to participate in any other field sobriety tests. 
Calloway then arrested appellant for driving while intoxicated. Calloway's patrol car
camera recorded the field test and his related contact with appellant. 

 The case was tried to a jury and Trooper Calloway was the lone witness. During his
testimony, the State played a portion of his videotaped encounter with appellant. The jury
convicted appellant of driving while intoxicated, enhanced to a felony by two prior
convictions. The court sentenced appellant to sixty years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant timely perfected his
appeal. 

Appellant's First and Second Issues
 

 We discuss appellant's first and second issues jointly. Appellant contends the court
abused its discretion by admitting portions of the video recording from the patrol car made
before he received the statutory and Miranda warnings. (2) 

 We review the trial court's admission of evidence under an abuse of discretion
standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). We must
uphold the trial court's ruling if the admission of the evidence was within the zone of
reasonable disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 390
(Tex.Crim.App. 1990, op. on reh'g)).

 The camera in Trooper Calloway's patrol car recorded portions of his roadside
encounter with appellant. In a preliminary hearing, the court observed the videotape before
ruling certain questions by the trooper and responses of appellant, made after appellant
was placed under arrest, were inadmissible because they were not preceded by the
constitutional and statutory warnings. It excluded the portion of the videotape depicting
these events. Appellant's complaint arises from the State's presentation to the jury of
excerpts of other recorded events occurring after his arrest. In the contested video
segment, appellant appears handcuffed and apparently alone in the patrol car. Following
momentary inactivity, he uses his foot to increase the volume of the patrol car's radio. 
Appellant is silent for a time, apparently listening to music from the radio, before suddenly
yelling, "That's right. Slam it, bitch." (3) 

 As we interpret appellant's admissibility argument, he contends once custody
attaches, triggering entitlement to constitutional and statutory admonitions before
interrogation, all utterances and non-verbal expressions of a suspect that follow, until the
warnings are given, are properly excluded from evidence. We disagree.

 The United States Constitution provides that evidence obtained as a result of a
custodial interrogation is inadmissible unless the State proves the officer gave proper
warnings and shows an affirmative waiver of rights by the accused. Miranda v. Arizona,
384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); Ancira v. State, 516 S.W.2d
924, 926 (Tex.Crim.App. 1974). The Texas codification of the Miranda warnings is art.
38.22. Lemmons v. State, 75 S.W.3d 513, 519 (Tex.App.-San Antonio 2002, pet. ref'd).

 Custodial interrogation is questioning initiated by law enforcement officers after a
person is taken into custody or otherwise deprived his or her freedom of action in any
significant manner. Miranda, 384 U.S. at 444; Ruth v. State, 645 S.W.2d 432, 435
(Tex.Crim.App. 1979). Custodial interrogation includes express questioning of a suspect
as well as words or actions by police (other than those normally attendant to arrest and
custody) that the police should know are reasonably likely to elicit an incriminating
response. Jones v. State, 795 S.W.2d 171, 174 (Tex.Crim.App. 1990), quoting Rhode
Island v. Innis, 446 U.S. 291, 300-02, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). For the
sake of this discussion, it is important to note Miranda did not hold that all statements
obtained by police should be considered the product of interrogation. Rather, as the Court
explained:

 In dealing with statements obtained through interrogation, we do not purport
to find all confessions inadmissible. Confessions remain a proper element
in law enforcement. Any statement given freely and voluntarily without any
compelling influences is, of course, admissible in evidence. The fundamental
import of the privilege while an individual is in custody is not whether he is
allowed to talk to the police without benefit of warnings and counsel, but
whether he can be interrogated. There is no requirement that police stop a
person who enters a police station and states that he wishes to confess to
a crime, or a person who calls the police to offer a confession or any other
statement he desires to make. Volunteered statements of any kind are not
barred by the Fifth Amendment and their admissibility is not affected by our
holding today.

Miranda, 384 U.S. at 478 (footnote omitted) (emphasis supplied).

 In like manner, art. 38.22 applies only to statements made as the result of custodial
interrogation. See art. 38.22, § 5 ("Nothing in this article precludes the admission of a
statement made by the accused . . . that does not stem from custodial interrogation. . . ."). 

 Thus, the questioned evidence is not subject to exclusion simply because appellant
was in custody at the time. The evidence must also have been the product of
interrogation. When appellant used his foot to adjust the patrol car radio and yelled, he
was alone in the vehicle. Under the facts presented here, the trooper did not take an
action reasonably likely to elicit an incriminating response by leaving appellant alone in the
patrol car for a few minutes. Appellant was not subjected to custodial interrogation at the
time of the events in question. The trial court did not abuse its discretion by admitting the
portion of the videotape in question. 

 Appellant's first and second issues are overruled. 

Appellant's Third and Fourth Issues


 In his third and fourth issues, appellant complains that the evidence was legally or
factually insufficient to establish that Trooper Calloway possessed reasonable suspicion
to stop appellant. 

 A criminal defendant is entitled to a legal and factual sufficiency review of the
evidence supporting the elements of the offense. Geesa v. State, 820 S.W.2d 154, 159
(Tex.Crim.App. 1991); Hanks v. State, 104 S.W.3d 695, 703 (Tex. App.-El Paso 2003),
aff'd, 137 S.W.3d 668 (Tex.Crim.App. 2004). But here the trooper's reasonable suspicion
to effect the stop of appellant was not part of the State's burden of proof. (4) Nor can we see
that an issue relating to the propriety of the trooper's stop of appellant was otherwise
preserved for review. See Tex. R. App. P. 33.1. Therefore, appellant's issues three and
four present nothing for our consideration, and are overruled. 

Conclusion

 Having overruled appellant's four issues, we affirm the judgment of the trial court.


 James T. Campbell

 Justice






Do not publish.

1. Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).
2. In one sentence under his first issue, appellant argues the portion of the videotape
in question was not relevant. Appellant's brief does not frame the contention as an issue
nor does it present supporting record citations and authorities. Therefore, the question is
not properly before us. Tex. R. App. P. 38.1(h). But even were the issue raised in this
Court, the videotape evidence of appellant's demeanor and speech would be relevant. In
a trial for driving while intoxicated, evidence may include relevant photographs or
videotapes. See Tex. R. Evid. 401 and 1001; Griffith v. State, 55 S.W.3d 598, 601
(Tex.Crim.App. 2001) (audio portions of videotape circumstantially relevant because any
signs of impairment in speech are relevant to definition of intoxication).
3. Having reviewed the videotape, we find a portion of appellant's utterance inaudible. 
However, in its brief the State agrees these were appellant's words, and we accept the
parties' version of this fact. 
4. It was for the State to prove beyond a reasonable doubt and persuade the jury that
appellant was intoxicated while operating a motor vehicle in a public place and, for
enhancement, that he had two prior driving while intoxicated convictions. Tex. Pen. Code
Ann. § 49.04(a); 49.09(b). Appellant stipulated to the two prior convictions of driving while
intoxicated.