NO. 07-05-0334-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2007
_____

RUBEN PINA LOVINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 05-2745; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Through four issues, appellant Ruben Pina Lovington appeals his conviction for driving while intoxicated, enhanced. In his first and second issues, appellant asserts the trial court erred by admitting a videotape depicting his conduct and an utterance he made while sitting alone in a patrol car, before he received the admonitions required by *Miranda*[1] and article 38.22 of the Texas Code of Criminal Procedure. By his third and fourth issues, appellant contends the evidence was legally and factually insufficient to establish

_____

[1] *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).

reasonable suspicion for the stop of his motor vehicle by law enforcement. Finding appellant's utterance and conduct were not subject to constitutional and statutory warnings because they were voluntary and not the subject of interrogation, and finding the question of reasonable suspicion to detain is not subject to a factual and legal sufficiency review, we affirm.

## Background

Texas Department of Public Safety Trooper Joel Calloway was on routine vehicle patrol near Tahoka about 4:30 on the afternoon of appellant's arrest when he observed appellant operating a vehicle with an expired registration sticker. He turned his patrol car and followed appellant's vehicle, signaling him to pull over, but appellant turned onto a dirt county road before finally stopping.

At appellant's vehicle, Trooper Calloway noticed a strong odor of alcohol and observed beer cans and open containers inside the vehicle. Appellant was not able to produce a driver's license or proof of insurance.

Appellant initially told the trooper he was going home but then admitted he lived in Lubbock and turned on the county road to avoid a traffic stop. Appellant stated he had consumed an alcoholic beverage. During the discussion that followed, the quantity, according to appellant, ranged from two beers to "two quarts."

Trooper Calloway administered the horizontal gaze nystagmus field sobriety test and observed six clues. Appellant refused to participate in any other field sobriety tests.

2

Calloway then arrested appellant for driving while intoxicated. Calloway's patrol car camera recorded the field test and his related contact with appellant.

The case was tried to a jury and Trooper Calloway was the lone witness. During his testimony, the State played a portion of his videotaped encounter with appellant. The jury convicted appellant of driving while intoxicated, enhanced to a felony by two prior convictions. The court sentenced appellant to sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely perfected his appeal.

Appellant's First and Second Issues

We discuss appellant's first and second issues jointly. Appellant contends the court abused its discretion by admitting portions of the video recording from the patrol car made before he received the statutory and *Miranda* warnings.[2]

We review the trial court's admission of evidence under an abuse of discretion standard. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). We must uphold the trial court's ruling if the admission of the evidence was within the zone of

---

[2] In one sentence under his first issue, appellant argues the portion of the videotape in question was not relevant. Appellant's brief does not frame the contention as an issue nor does it present supporting record citations and authorities. Therefore, the question is not properly before us. Tex. R. App. P. 38.1(h). But even were the issue raised in this Court, the videotape evidence of appellant's demeanor and speech would be relevant. In a trial for driving while intoxicated, evidence may include relevant photographs or videotapes. *See* Tex. R. Evid. 401 and 1001; *Griffith v. State,* 55 S.W.3d 598, 601 (Tex.Crim.App. 2001) (audio portions of videotape circumstantially relevant because any signs of impairment in speech are relevant to definition of intoxication).

3

reasonable disagreement. *Id.* (*citing Montgomery v. State,* 810 S.W.2d 372, 390 (Tex.Crim.App. 1990, op. on reh'g)).

The camera in Trooper Calloway's patrol car recorded portions of his roadside encounter with appellant. In a preliminary hearing, the court observed the videotape before ruling certain questions by the trooper and responses of appellant, made after appellant was placed under arrest, were inadmissible because they were not preceded by the constitutional and statutory warnings. It excluded the portion of the videotape depicting these events. Appellant's complaint arises from the State's presentation to the jury of excerpts of other recorded events occurring after his arrest. In the contested video segment, appellant appears handcuffed and apparently alone in the patrol car. Following momentary inactivity, he uses his foot to increase the volume of the patrol car's radio. Appellant is silent for a time, apparently listening to music from the radio, before suddenly yelling, "That's right. Slam it, bitch."[3]

As we interpret appellant's admissibility argument, he contends once custody attaches, triggering entitlement to constitutional and statutory admonitions before interrogation, all utterances and non-verbal expressions of a suspect that follow, until the warnings are given, are properly excluded from evidence. We disagree.

The United States Constitution provides that evidence obtained as a result of a custodial interrogation is inadmissible unless the State proves the officer gave proper

[3] Having reviewed the videotape, we find a portion of appellant's utterance inaudible. However, in its brief the State agrees these were appellant's words, and we accept the parties' version of this fact.

4

warnings and shows an affirmative waiver of rights by the accused. *Miranda v. Arizona,* 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); *Ancira v. State,* 516 S.W.2d 924, 926 (Tex.Crim.App. 1974). The Texas codification of the *Miranda* warnings is art. 38.22. *Lemmons v. State,* 75 S.W.3d 513, 519 (Tex.App.–San Antonio 2002, pet. ref'd).

Custodial interrogation is questioning initiated by law enforcement officers after a person is taken into custody or otherwise deprived his or her freedom of action in any significant manner. *Miranda,* 384 U.S. at 444; *Ruth v. State*, 645 S.W.2d 432, 435 (Tex.Crim.App. 1979). Custodial interrogation includes express questioning of a suspect as well as words or actions by police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response. *Jones v. State,* 795 S.W.2d 171, 174 (Tex.Crim.App. 1990), *quoting Rhode Island v. Innis,* 446 U.S. 291, 300-02, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). For the sake of this discussion, it is important to note *Miranda* did not hold that all statements obtained by police should be considered the product of interrogation. Rather, as the Court explained:

> In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. *Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.*

*Miranda,* 384 U.S. at 478 (footnote omitted) (emphasis supplied).

In like manner, art. 38.22 applies only to statements made as the result of custodial interrogation. *See* art. 38.22, § 5 ("Nothing in this article precludes the admission of a statement made by the accused . . . that does not stem from custodial interrogation. . . .").

Thus, the questioned evidence is not subject to exclusion simply because appellant was in custody at the time. The evidence must also have been the product of interrogation. When appellant used his foot to adjust the patrol car radio and yelled, he was alone in the vehicle. Under the facts presented here, the trooper did not take an action reasonably likely to elicit an incriminating response by leaving appellant alone in the patrol car for a few minutes. Appellant was not subjected to custodial interrogation at the time of the events in question. The trial court did not abuse its discretion by admitting the portion of the videotape in question.

Appellant's first and second issues are overruled.

Appellant's Third and Fourth Issues

In his third and fourth issues, appellant complains that the evidence was legally or factually insufficient to establish that Trooper Calloway possessed reasonable suspicion to stop appellant.

A criminal defendant is entitled to a legal and factual sufficiency review of the evidence supporting the elements of the offense. *Geesa v. State*, 820 S.W.2d 154, 159

(Tex.Crim.App. 1991); *Hanks v. State,* 104 S.W.3d 695, 703 (Tex. App.–El Paso 2003), *aff'd*, 137 S.W.3d 668 (Tex.Crim.App. 2004).  But here the trooper's reasonable suspicion to effect the stop of appellant was not part of the State's burden of proof.[4]  Nor can we see that an issue relating to the propriety of the trooper's stop of appellant was otherwise preserved for review.  *See* Tex. R. App. P. 33.1.  Therefore, appellant's issues three and four present nothing for our consideration, and are overruled.

Conclusion

Having overruled appellant's four issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[4] It was for the State to prove beyond a reasonable doubt and persuade the jury that appellant was intoxicated while operating a motor vehicle in a public place and, for enhancement, that he had two prior driving while intoxicated convictions.  Tex. Pen. Code Ann. § 49.04(a); 49.09(b).  Appellant stipulated to the two prior convictions of driving while intoxicated.